# 𝔚ytheville.

## HUDSON v. YOST.

### July 23rd, 1891.

1. LOST RECORDS—*How supplied.*—It is sufficient compliance with Code, ¿ 3376, where sworn bill alleges and answer admits the destruction of the original papers in a cause wherein was a decree for sale of certain lands, and there is filed a certified copy of the papers from Supreme Court, where the cause was on appeal; and an injunction will not lie to such sale on the ground that "no affidavit of the destruction was filed."

2. REVIEW—*Title.*—Where in original cause the title to the lands was investigated by a commissioner whose report was confirmed by the circuit court and an appeal from its decision to this court dismissed, a contention that there is a defect in that title will not be considered.

Appeal from two decrees of circuit court of Bland county, rendered September 30th, 1889, and April 20th, 1890, respectively, in a cause wherein T. G. Hudson was complainant, and W. L. Yost, commissioner, and others, were defendants.

The complainant's injunction was dissolved by the first of said decrees, and his bill dismissed with costs by the last; and he appealed. Opinion states the case.

*F. S. Blair*, for appellant.

*Williams Bros., W. L. Yost* and *D. S. Pierce*, for appellees.

LACY, J., delivered the opinion of the court.

The bill was filed to enjoin the appellee from selling under a decree of said court a tract of land decreed to be sold by the

said court, upon the ground that, since the decree was ren-
dered, the court-house of Bland county had been destroyed by
fire, and all of the court papers destroyed, and among them
the records of the suit in which the said decree had been ren-
dered, and praying that no sale be allowed to take place until
the proof had been taken to supply the lost record, and to
restrain the sale until the title could be perfected. The decree
under which this sale was proposed to be made was rendered
at the April term, 1887, and an appeal had been taken to this
court, which had been subsequently dismissed. The defend-
ant answered, admitting and setting forth the destruction of
the records in Bland county clerk's office, and among them
the original papers in this case, but asserting that, the case
having been appealed to the Supreme Court of Appeals, a cer-
tified office copy of the said record was thus preserved, and it
was obtained, after some delay, having been for some time
stolen and concealed. But, it being obtained, a certified tran-
script of the original papers was presented to the court, and
taken and held as a sufficient record, being, in fact, complete
in all its parts; when, the cause coming on to be heard upon
the said bill and answer, the circuit court of Bland county
dissolved the injunction September 30, 1889, and at the April
term, 1890, dismissed the bill of the plaintiff, with costs; and
from these decrees the plaintiff appealed. The ground of the
appeal is that the record of the case has been destroyed by
fire, and the same has not been set up by legal and proper
proof, and there is a defect in the title. As to the second
assignment, it is sufficient to say that this question has been
put to rest by the former trial. The case having been fully
investigated upon a reference to the commissioner, and his
report, and confirmation thereof by the court in a decree which
had been brought to this court by appeal, and the appeal dis-
missed, it is too late to discuss that.

As to the first ground, that the lost record had not been set
up in the mode required by law, we will cite the statute (sec-

tion 3376 of the Code of Virginia), which is as follows: " If, in any cause, the original papers therein, or any of them, or the record for or in an appellate court, or any paper filed or connected with such record, be lost or destroyed, the court wherein the case is, or in which it would or ought to be, but for such loss or destruction, may docket the same; and, on affidavit of such loss or destruction, the case may be proceeded in, heard, and determined upon an authenticated copy of what is lost or destroyed, or proof of the contents thereof, or upon proof of so much of the contents thereof as may enable the court to proceed in, hear, and determine the case, and make such entry, order, or decree therein as if the papers, or any of them, had not been lost or destroyed." Upon consideration of this statute, the question is divested of any difficulty or doubt whatever, the case in hand being expressly and distinctly provided for. But it is said the statute has not been complied with, because the record does not disclose an affidavit as to the loss of the original papers. This affidavit is intended by the law to prove the loss of the original papers. But in this case the bill alleges the loss of all the originals, and is supported by the affidavit of the plaintiff. The answer admits the loss of the original papers, and alleges the fact, and the answer is supported by the affidavit of the defendant. This is a compliance with the law, and the said certified copies of the original papers were properly admitted by the court, and the case was properly proceeded in, heard, and determined as if the papers therein had not been lost or destroyed. And there was no error in the said decree, and the same will be affirmed.

DECREE AFFIRMED.